# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MICHAEL COATES, ET AL**                                    **CIVIL ACTION**

**VERSUS**

**FIRST GUARANTY BANK, ET AL**                          **NO. 06-140-D-M2**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.   The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, February 12, 2008.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MICHAEL COATES, ET AL**                                   **CIVIL ACTION**

**VERSUS**

**FIRST GUARANTY BANK, ET AL**                             **NO. 06-140-D-M2**

### MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion for Sanctions (R. Doc. 132) filed by

defendant, First Guaranty Bank ("FGB").  Plaintiffs, Michael Coates, et al ("plaintiffs"), have

not filed an opposition to this motion.

### FACTS & PROCEDURAL BACKGROUND

On February 21, 2006, plaintiffs filed an unverified "class action" complaint, seeking

an injunction against FGB and other named defendants[1] from proceeding with foreclosures

on various mortgages executed by the named plaintiffs, which were in default.  Plaintiffs

asserted various violations of state and federal law based upon the alleged "deceptive,

unfair and unlawful lending practices by FGB."[2]  Plaintiffs also filed a Motion for Temporary

---

[1] The other named defendants include ABC Insurance Company, XYZ Insurance
Company, Concept Development, LLC, Frank Treye Ashford, Brett Bernard,
Development Concept, LLC, Bobby and Kenny Ezell Construction Company, Innovative
Contractors, Arlington Mortgage Company, Premier Mortgage Company, Malone
Marketing, Dave Montgomery of Malone Marketing, and Donna T. Methvein Appraisal
Company.

[2] Specifically, plaintiffs contend that FGB did not provide the proper disclosures
required under 15 U.S.C. §1602, et seq., and Federal Reserve Board Regulation Z, 12
C.F.R. §226, and they seek rescission of their loan contracts and statutory damages
under the Truth in Lending Act, 15 U.S.C. §1601, et seq.; fraud statutes; breach of
contract state laws; lender liability; lender negligence; Real Estate Settlement
Procedures Act ("RESPA"); HOPEA; Fair Credit Reporting Act; mail fraud; wire fraud;
and Louisiana Unfair Deceptive Trade Practice Act.

Restraining Order ("TRO") and Rule for Preliminary Injunction on March 28, 2006.  The Court denied the request for a TRO but held a contradictory hearing on the injunction request on May 1, 2006, following which, the request was denied.  (R. Doc. 16).  Several status conferences were held during the first eight months that this action was pending, at which time plaintiffs' counsel was instructed to complete service on all of the defendants, or the claims against them would be dismissed.  A number of plaintiffs agreed to settle their claims and dismissed FGB from this suit with prejudice.  Plaintiffs also filed an amended complaint on or about February 6, 2007, against two former employees of FGB, Pat Graves and Jamy Kieger, asserting that they engaged in various acts which constitute fraudulent and predatory lending practices.

On January 17, 2007, FGB propounded discovery to the remaining plaintiffs.  FGB received responses from only one of the plaintiffs, Michael Coates ("Coates"), and those responses were incomplete and unsigned.  FGB therefore filed a motion to compel against the plaintiffs on July 16, 2007.  The Court granted that motion on August 14, 2007, ordering the plaintiffs to provide complete responses to FGB within twenty days and to pay FGB for the reasonable attorneys fees and costs it incurred in bringing the motion to compel.

On or about August 30, 2007, FGB received unsworn interrogatory responses from the plaintiffs.  The responses for the various plaintiffs are essentially identical, simply changing the name for each individual plaintiff, and they contain little additional substantive information regarding the individual plaintiff's claims, on several occasions simply referring to the allegations asserted in the original and amended complaints.  Plaintiffs also completely failed to respond to FGB's Request for Production of Documents.

FGB's counsel represents in the present motion that he has made numerous

2

attempts to resolve this discovery dispute with plaintiffs' counsel amicably; however, complete responses to FGB's discovery have never been received. On January 10, 2008, counsel held a telephone conference, at which time plaintiffs' counsel agreed that complete responses would be provided to FGB's counsel by Tuesday, January 15, 2008. That agreement was confirmed by an email sent by FGB's counsel on January 11, 2008. When FGB did not receive complete responses by the deadline upon which the parties agreed, it filed the present motion.

During the week following the filing of the present motion, a number of plaintiffs in this matter filed motions to dismiss their claims against FGB, which were granted by the Court. However, twenty-six plaintiffs continue to have pending claims against FGB but have nevertheless failed to provide FGB with complete discovery responses. FGB has attempted to schedule the depositions of the remaining plaintiffs on at least two occasions, once in December 2007 (which depositions were cancelled due to a conflict in plaintiffs' counsel's schedule) and again in late January 2008. The Court is unaware of whether those depositions went forward in late January 2008; however, it is assumed that they did not as a result of plaintiffs' failure to provide complete discovery responses prior to their depositions.

## LAW & ANALYSIS

Local Rule 7.5M of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty (20) days after service of the motion. The rule specifically provides:

LR7.5M          Response and Memorandum

3

> Each respondent opposing a motion shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 20 days after service of the motion. Memoranda shall contain a concise statement of the reasons in opposition to the motion, and a citation of authorities upon which the respondent relies. For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the court may order, upon written ex parte motion served on all parties.

The present motion was filed on January 18, 2008, and the Court's electronic filing system indicates that plaintiffs' counsel received notice of the filing of the motion on that same date at 2:42 p.m. CDT. Thus, more than twenty days have elapsed since service, and plaintiffs have nevertheless failed to file any opposition. The motion is therefore deemed unopposed. In addition to the motion being unopposed, the Court finds that the motion has merit and should be granted.

Pursuant to Fed. R. Civ. P. 37(b)(1)(A), if a party fails to obey an order to provide or permit discovery, the court where the action is pending may issue further orders, including dismissal of the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(1)(A). Further, Fed. R. Civ. P. 37(b)(1)(C) provides that, instead of or in addition to the orders set forth in Rule 37(b)(1)(A), the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(1)(C).

Dismissal as a sanction is authorized only when the failure to comply with the court's order results from willfulness or bad faith and not from the inability to comply, and it is proper in situations where the deterrent value of Rule 37 cannot be substantially achieved

by the use of less drastic sanctions. *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511 (5th Cir. 1985). The Court must consider whether the other party's preparation for trial was substantially prejudiced. *Id.*

Plaintiffs' counsel's conduct in the present matter, a case which asserts very serious allegations of fraudulent and illegal conduct on the part of a federally-insured financial institution and its employees, has been fraught with delay, incompleteness, and insubordination since the beginning. As noted above, the Court had to instruct plaintiffs' counsel during at least two status conferences, over the course of the first eight months that this action was pending, to effect service upon the defendants, even threatening dismissal of plaintiffs' claims if the Court's instruction was not followed. Ultimately, plaintiffs' claims against Graves were even dismissed for failure to serve.

Additionally, with respect to discovery, plaintiffs' counsel has failed to provide a single set of complete, sworn responses to FGB over the course of the past year since they were propounded, despite numerous discovery conferences with FGB's counsel and a court order directing that supplemental discovery responses be provided. FGB allowed over five months since the Court's Order on its motion to compel for plaintiffs to provide complete responses, and they have still failed to do so. Finally, and as would be expected, given the pattern of conduct in this suit, plaintiffs' counsel has failed to file any opposition to the present motion, which seeks dismissal of the remaining plaintiffs' claims against FGB as well as attorney's fees. While dismissal is a "remedy of last resort" only to be applied in "extreme circumstances,"[3] the Court finds that the present matter manifests just the type

_____

[3] *See, Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir. 1979).

of repeated failures on the part of counsel which warrant that remedy.  If plaintiffs' counsel is in the process of obtaining settlements and/or voluntary dismissals on behalf of the remaining plaintiffs or is otherwise actively pursuing their claims, it is her burden to notify the Court of same by filing an opposition to this motion.

As is explained by FGB in its motion, given that it is a highly regulated financial institution, it is required to disclose the nature of the present suit in its reports to regulatory agencies, and such reports are a matter of public record.  The claims of fraud asserted in this lawsuit create suspicion in both the minds of the general public and the business community upon whose loan relationships FGB relies for financial success.  FGB has clearly been prejudiced by plaintiffs' counsel's failure to ensure that complete, verified discovery responses are provided to FGB so that it can adequately defend itself against the remaining plaintiffs' claims.

In sum, the Court agrees with FGB that the following factors support an order of dismissal in this case, rather than some lesser sanction:  (1) Plaintiffs' counsel has provided absolutely no explanation for the failure to provide complete discovery responses in compliance with the Court's August 14, 2007 Order; (2) Plaintiffs' counsel has at no time sought an extension of time within which to respond in accordance with the Court's Order or a protective order; (3) Plaintiffs' counsel has been given more than adequate time by FGB to submit complete discovery responses, both prior to the filing of the motion to compel and subsequent to the Court's August 14, 2007 Order, before the sanction of dismissal was sought; (4) Plaintiffs' counsel has failed to diligently prosecute this case over the past  two years since it was filed, despite the fact that the case involves serious

allegations which are a matter of public record;[4] (5) the plaintiffs' central relief, an injunction against foreclosure on their mortgages, was already denied by the Court after a contradictory hearing; and (6) FGB has presented competent evidence that it engaged an independent consulting group and cured the Truth in Lending and RESPA disclosure violations asserted in the complaint in compliance with §108(e)(6) of the Truth in Lending Act and that it stopped reporting plaintiffs' loans to the credit bureaus as of September 2005.[5]

As noted above, the only plaintiff that has made a "minimally reasonable" effort to respond to discovery in this matter is Coates, who submitted timely discovery responses to FGB but which were incomplete and unsigned.  Rather than seeking dismissal as to his claims, FGB requests that he be ordered to supplement his responses to its Interrogatories and Requests for Production.  The Court will therefore recommend that Coates be allowed

---

[4] In previously recommending that a motion to dismiss and for sanctions filed by Graves be granted, the undersigned noted that an attorney's duty under Rule 11 has been viewed by the Fifth Circuit Court of Appeals as "particularly important" in cases alleging RICO violations, such as the present case.  The Fifth Circuit has explained that, "given the resulting proliferation of civil RICO claims and the potential for frivolous suits in search of treble damages, greater responsibility will be placed on the bar to inquire into the factual and legal bases of potential claims or defenses prior to bringing such suit or risk sanctions for failing to do so."  *Id.*, quoting *Chapman & Cole v. Itel Container Int'l B.V.*, 865 F.2d 676, 685 (5th Cir.)(quoting Black & Magenheim, *Using the RICO Act in Civil Cases*, 22 Hou.Law. 20, 24-25 (Oct. 1984)), *cert. denied*, 493 U.S. 872, 110 S.Ct. 201, 107 L.Ed.2d 155 (1989).  A corollary to adequate pre-suit investigation of suits involving RICO and fraud allegations would be diligent prosecution of such allegations once filed.  The continued failure on plaintiffs' part to sufficiently respond to discovery and proceed forward with this case has resulted in unnecessary delay and damage to the reputations of FGB and its former employees who are named as defendants herein.

[5] *See,* Affidavit of Ronnie Pittman, attached to FGB's Memorandum in Opposition to Motion for Temporary Restraining Order and Motion for Preliminary Injunction, R. Doc. 9.

twenty days within which to provide complete, verified discovery responses, failing which his claims against FGB will also be dismissed.

Finally, because plaintiffs' counsel has failed to provide any explanation for the failure to comply with the Court's August 14, 2007 Order, much less demonstrate a "substantial justification" for such failure or other circumstances which make an award of expenses unjust, the Court should award FGB the reasonable attorney's fees and costs that it expended in connection with the filing of this motion pursuant to Fed. R. Civ. P. 37(b)(2)(C).

## RECOMMENDATION

For the above reasons, it is recommended that the Motion for Sanctions (R. Doc. 132) filed by defendant, First Guaranty Bank, be **GRANTED** and that the claims of the remaining plaintiffs, except for Michael Coates, be **DISMISSED WITH PREJUDICE**.  It is further recommended that plaintiff, Michael Coates, be allowed the opportunity to submit complete discovery responses within twenty days of the date of any Order issued by the district judge adopting this recommendation, failing which his claims against FGB should also be dismissed. Finally, it is recommended that FGB be awarded the reasonable attorney's fees and costs it incurred in connection with this motion.

Signed in chambers in Baton Rouge, Louisiana, February 12, 2008.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**