UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL COATES, ET AL

VERSUS

FIRST GUARANTY BANK, ET AL

CIVIL ACTION

NO. 06-140-M2

# N O T I C E

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written recommendations within ten (10) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, May 29, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MICHAEL COATES, ET AL**

**VERSUS**

**FIRST GUARANTY BANK, ET AL**

**CIVIL ACTION**

**NO. 06-140-M2**

## REPORT AND RECOMMENDATION

This matter is before the Court for reconsideration of the Report and Recommendation filed February 12, 2008 and a Motion for Extension of Time to File a Response to the Motion for Sanctions which was the subject of the Report and Recommendation.

In essence, counsel for plaintiff has filed her opposition to the Motion for Sanctions as she gives her explanation and argument for why she has failed to comply with the Order of August 13, 2007 and has failed to timely file a response to the current motion in her memorandum in support of her Motion for Extension of Time to File a Response, and makes about the same arguments in her opposition to the Report and Recommendation filed February 27, 2008.  Therefore this motion will be denied.

Basically, she argues that she has been trying to settle this matter and has had other court deadlines to comply with, therefore she has not had time to submit her responses or comply with the Court's Order.  If counsel found that she did not have enough time to comply, she could have asked for extensions or otherwise notify the Court of her problem. Most attorneys have the same problems and are able to manage their calendars.

Furthermore, counsel incorrectly argues that since the Court extended the discovery deadline to January 10, 2008, she had until that time to submit her discovery responses.[1] The Order of August 13, 2007 is clear and unambiguous. It states that plaintiff shall respond to the discovery request within twenty (20) days from date of the Order, August 13, 2007. (Dkt. No. 87.)

The only argument that really carries any weight is contained in Mrs. Richardson's letter of February 12, 2008 faxed to the undersigned after she received the Report and Recommendation of the same date. There she states that she is a "newcomer to federal court and federal procedural [sic]." The Court has accepted Mrs. Richardson's excuses time and time again and has been very lenient in granting delays, as is evident from the detailed history of case given below, however it appears that Mrs. Richardson continues to "do her own thing" at her own pace and ignores the orders of the Court.

This case was filed on February 21, 2006. On March 24, 2006 counsel filed an "Amended Petition and Memo in Support for Preliminary Injunction Against Defendant First Guaranty Bank." (Dkt. No. 3.) Counsel was then ordered to file an application for TRO/Preliminary injunction in accordance with Local Rule 65.1M. (Dkt. No. 4.) On March 28, 2006, plaintiffs' Motion for TRO was denied and counsel was ordered to file a proper Motion for Preliminary Injunction and to have all defendants served by 5:00 p.m. March 29, 2006. The motion was denied on May 1, 2006.

The original scheduling conference was set for June 22, 2006, however, at plaintiffs'

---

[1] Plaintiffs' Motion to Extend Time Delay to Respond to Motion for Sanctions and Response to Discovery Deadlines, ¶4.

request, the conference was continued to July 7, 2006. At the July conference, it was noted that Mrs. Richardson had not made service on all defendants as the District Judge had ordered and was again ordered to make service by July 31, 2006 and another scheduling conference was set for October 13, 2006. One day before this conference Mrs. Richardson filed a Motion to Continue Status Conference as she had not made service on all of the defendants. This motion was denied and at the October 13 conference Mrs. Richardson was again given an extension until October 31, 2006 to file proof of service on the defendants. The suit had been filed eight months by this time.

In December, counsel informed the Court that she had made service on most of the defendants, however some of them were defunct or in bankruptcy proceedings and that she was in the process of deciding which defendants she would proceed against. The second amended complaint was finally filed on February 6, 2007, after the case had been pending for nearly one year. All during this time, however, several motions to dismiss had been filed as some of the plaintiffs' cases were settled.

By the time of the April 20, 2007 conference, plaintiffs' counsel had been ill for a while and requested an extension of the discovery deadlines. A telephone conference was set in June in order to allow her time to recover, however, she failed to appear for the June conference. A show-cause hearing was set for June 15 at which time she appeared and gave an explanation to the Court and no sanctions were imposed. However, hardly any discovery had been undertaken so yet another conference was set to enter final deadlines. At this new conference in July, the fact that Mrs. Richardson had not submitted her responses to

defendant's discovery requests of January 17, 2007 was brought to the attention of the Court and Mrs. Richardson stated that she would respond by July 13. Final deadlines were set, including a discovery deadline of October 31, 2007. No other conferences were set as we had had about eight conferences since July 2006 (about one year and 3 months), trying to set final deadlines.

Of course, Mrs. Richardson did not submit all of her discovery responses by July 13, so defense counsel filed his Motion to Compel on July 16. The opposition was then due by August 5, 2007, but no opposition was filed. A ruling was entered on August 14, granting the motion, giving Mrs. Richardson 20 days to respond, Sept. 3, 2007, and imposed costs/fees of the motion on Mrs. Richardson. Again Mrs. Richardson did not submit all of her discovery responses, so on August 30, defense counsel filed just a Status Report with the Court informing the Court, and giving Mrs. Richardson a reminder, that she had failed to submit her responses or pay the costs/fees and requested that the costs/fees be set by the Court. An order was issued on September 11 setting the amount of the fees since Mrs. Richardson had not responded to defendant's requests for payment.

In the mean time, another defendant, Pat Graves, filed a Motion for Sanctions under Rule 11 against Mrs. Richardson and a Motion to Dismiss under Rule 4(m) for failure to make service. It seems that Mrs. Richardson added Pat Graves to the complaint in that Second Amended Complaint, but failed to make service on her. An opposition to the motion for sanctions was filed by Mrs. Richardson and a Report and Recommendation was entered on these motions October 19, 2007, setting forth all the problems Graves had had with Mrs.

Richardson during the pendency of this suit and will not be repeated here. Sanctions were imposed on Mrs. Richardson and Graves was dismissed.

On September 14, 2007, defendant filed a Motion for Extension of Time of the discovery deadlines due to the fact that he had not received all of the discovery responses and needed them before he could take any depositions. Since no motion had been filed for failure to submit the responses in accordance with the Court's Order, a conference was set in order to speak to Mrs. Richardson personally about her performance. The order specifically mentions that the conference is in reference to the motion to extend, however on the day of the conference, only Mrs. McWhite appears – no Mrs. Richardson. The conference was cancelled and Mrs. McWhite was informed to tell Mrs. Richardson that she had to appear in person as she was the one the Court wanted to talk to.

At the October 22, 2007 conference, Mrs. Richardson's excuse for not appearing at the earlier conference was accepted. Defense counsel informed the Court that she had still not paid the fees/costs imposed so the Court again ordered her to pay this amount by November 1, 2007, the third time this issue had been addressed by the Court. An order was also entered extending the deadlines, at Mrs. Richardson's and defendant's request, giving the parties until January 2, 2008 to complete all discovery. Another conference was set for November 9 to determine if the fees had been paid and to see if Mrs. McWhite had filed her motion for admission to practice in this Court and for enrollment.

Finally, by November 9, Mrs. Richardson had paid the fees/costs, however she had not submitted all of the discovery responses. No other conferences were set, but the

discovery deadline was extended to January 31, 2008.

Although the Report and Recommendation on the motion for sanctions by Pat Graves had been filed on October 19 and Mrs. Richardson had filed an opposition to the motion, she filed an opposition to the R & R on October 29, 2007, setting forth new arguments, therefore the R & R and was referred back to the undersigned to consider the objections. The matter was totally re-visited and another Report and Recommendation was issued November 14, 2007 recommending that the sanctions stand.

As stated above, at the October 22, 2007 conference, all deadlines were established, including a November 1 deadline for plaintiffs to name their experts and December 1 to have their reports issued.  On December 3, after these deadlines had passed,  Mrs. Richardson filed a motion to extend these deadlines due to the number of plaintiffs in the action and the complex nature of the action.  This motion was granted, giving the parties until April 7, 20008 in which to complete expert depositions.

By January 18, 2008, defense counsel was still trying to get his responses to the discovery he propounded to Mrs. Richardson on January 17, 2007, for which an order was entered on August 14, 2007 granting defendant's motion to compel and ordering Mrs. Richardson to respond within 20 days.  In his memorandum in support of his Motion for Sanctions, page 3, he states that he spoke to Mrs. Richardson on January 10, 2008 and that she agreed to submit all responses by January 15.  He has not heard from her since.

On January 28, Mrs. Richardson and defense counsel did file nine motions to dismiss

as the case had settled with nine of the plaintiffs, however, no opposition to the motion for sanctions was filed. On February 12, 2008 a Report and Recommendation was issued on the motion for sanctions recommending dismissal of all cases left except that of Michael Coates. That afternoon, Mrs. Richardson sent a letter stating that she objected to the R & R and that she would be filing an opposition. The next day, she filed the Motion for Extension of Time to File Response to the Motion for Sanctions and on February 27 she filed her Objection to the R & R. As indicated above, the motion to file a response will be denied.

Mrs. Richardson has not only disobeyed the Orders of the Court, she has totally ignored her many promises of getting the discovery responses to defense counsel. Yes, she has been trying to settle the cases. A settlement brings in money, answering discovery responses does not. Mrs. Richardson has filed timely oppositions to several motions in the past, so she is well aware of the time delays for filing oppositions and has filed several motions to extend deadlines, even though some of them were filed late. It is imperative for "new" counsel to understand that the orders of the Court are important. They are not entered for late-night reading; they are entered to be obeyed. However, since Mrs. Richardson is "new" to the Court (she has been in this Court for over two years now), her clients should not be the ones to suffer a dismissal of their case for her failures.

## **RECOMMENDATION**

Accordingly; it is recommended that the Motion for Sanctions be granted and Mrs. Richardson be sanctioned for her failure to comply with the Order of the Court in a manner which will not harm her clients. Since she was settling some of the cases during the time she

should have also been preparing her opposition to the motion for sanctions, it is recommended that $100 per case should be imposed. Mrs. Richardson filed nine (9) motions to dismiss on January 28, 2008, therefore the sanction would amount to $900.00 and this amount should be paid to the Clerk of Court within 30 days from date of the order imposing the sanction.

Signed in chambers in Baton Rouge, Louisiana, May 29, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**